# N. Y. COMMON PLEAS.

JAMES BRIGGS *et al.*, respondents, agt. THE CENTRAL NATIONAL BANK, appellant.

*Bills, notes, checks — When the certifying of a check by a bank operates as a payment of a check — When charging and crediting a check constitutes a payment.*

Where a check deposited by plaintiffs with defendant for collection was sent by defendant to a bank which was its collecting agent, the latter bank charging the check to the drawer's account, and crediting defendant with the amount in pursuance of an arrangement made between the two banks, the checks being returned to the drawer, a third party, as a voucher, and the collecting bank then failed and passed into the hands of a receiver:

*Held,* that such charging and crediting constituted a payment of the check to defendant, rendering it liable for the amount of the check to plaintiff.

*General Term, April,* 1881.

*Before* DALY, *C. J.,* J. F. DALY *and* VAN HOESEN, *JJ.*

APPEAL from a verdict directed for the plaintiffs.

The plaintiffs were depositors in the bank of the defendant. On the 9th day of June, 1880, they deposited with the said bank a check for $610.97, drawn by one O. W. Haines on the First National Bank of Newark, New Jersey. The defendant forwarded this check to the latter bank so that it received the same on June tenth. The First National Bank of Newark aforesaid was then, and had for years prior been, the agent of the defendant for the collection of all paper, notes, checks and drafts payable in the state of New Jersey. And the First National Bank kept an account with the defendant, in which it credited the bank with all collections made, and charged it with all remittances made, whether of money or drafts, and this collection account was settled every Tuesday by draft on

Briggs *et al.* agt. Central National Bank.

the Central National Bank, the defendant. On receipt of the check aforesaid, this bank, the agent of the defendant, being also the drawee of the check, paid it by crediting the Central National Bank with the amount and returning the check to the drawee, Mr. Haines, as a paid voucher, to whose account it was charged. Although Mr. Haines' account was not good, nevertheless they had been in the habit of permitting him to overdraw. Be that as it may, Mr. Haines made good this overdraft by paying the amount into bank, so that, as matter of fact, the First National Bank physically received the money for this check. After business hours of the tenth of June the latter bank failed, and a receiver was appointed. It in reality suspended payment June eleventh. When it failed it owed the defendant a balance of $5,976.22 for various items collected by it for the defendant. On the tenth of June the defendant had moneys of the First National Bank of Newark, which were not drawn upon. The plaintiffs claiming that the check being paid to the agent of the defendant, it was a payment to the defendant, bring this action. On the trial a verdict was directed for the plaintiffs, there being no dispute as to the main facts. The defendant did not ask to go to the jury, nor that they be directed to find for defendant.

*Blumensteil & Hirsch*, for plaintiffs, respondent.

I. That the First National Bank of Newark was the collecting agent of the defendant, and authorized to collect this check, is undisputed. Payment to it, therefore, was a payment to the defendant, the principal (*Faverie* agt. *Bennett*, 11 *East*, 36 ; *Renard* agt. *Turner*, 42 *Ala.* 117).

II. The check was paid. The transaction, in every aspect of the case, amounted to a payment. First. As matter of fact, Haines, the drawer, made good the overdraft which the charging of the check occasioned, and of course that could only be done by his giving the money to the First National Bank. Second. The acts of the parties amount to payment. The bank charged up the check to Haines, returned it to him

as a paid voucher, and credited the defendant with the amount on its books. And such was the usual course of dealing between the two institutions. "A payment by a debtor of the amount of his debt to the credit of the creditor at a particular bank at the request of the creditor is a good payment, and where both parties keep an account at the same bank the debtor's debt is discharged as soon as the amount is transferred by the bank from the debtor's to the creditor's account, because such a transfer is equivalent to payment, although no money passes, and if the bank fails the loss will fall upon the creditor and not the debtor, and such failure will not revive the liability of the debtor (*Bodenham* agt. *Purchas*, 2 *B. & Ald.*, 47; *Bolton* agt. *Richard*, 6 *Term*, 139; *Eyles* agt. *Ellis*, 4 *Bing.*, 112; 2 *Wait's Law and Pract.*, 1064; *and Wait's Actions and Def.*, 381; *First Nat. Bank Jersey City*, agt. *Leach*, 52 *N. Y.* 352).

III. The failure of the agent to pay over is chargeable to the defendants and not the plaintiffs (*Allen* agt. *Merchants' Bank*, 22 *Wend.*, 215; *Kobbee* agt. *Clark*, *Seldon's Notes of Cases*, 11).

IV. By charging the maker of the check with the amount and crediting the Central National Bank therewith, the First National Bank became the debtor to the Central National, and that could only occur on the theory that the transaction amounted to a payment (*Commercial Bank of Penn.* agt. *Union Bank*, 11 *N. Y.*, 214).

V. The defendant and not the First National Bank of Newark was the agent of the plaintiffs. There is no privity of contract between the latter bank and the plaintiffs, and we could not maintain any action against the Newark bank for this check, nor have we any claim against its receiver. This point was expressly decided in *Commercial Bank* agt. *Union Bank* (11 *N. Y.*, 211); *Montgomery Bank* agt. *Albany City Bank* (3 *Seld.*, 469).

VI. As between the two, the defendant became the creditor of the First National Bank of Newark upon the credit

Briggs *et al.* agt. Central National Bank.

being given by the latter to the former of the amount of the check. The maker of the check was discharged, for he paid his money and received back the voucher. The plaintiff could maintain no action against Haines, for he had paid the check, nor could we sue the Newark bank, for there existed no privity of contract between us and that bank (*Commercial Bank* agt. *Union Bank*, 11 *N. Y.*, 211). Consequently the plaintiffs are without any remedy whatever, unless they can successfully sustain this judgment.

VII. The defendant did not ask to go to the jury nor that a verdict be directed in his favor. The judgment should be affirmed, with costs.

*George A. Strong*, for defendants, appellants.

I. This action reveals a most dishonest attempt on the part of the plaintiffs to shift from themselves upon defendant the amount of a loss occasioned by the failure of a bank in Newark, New Jersey. It is not pretended, and it would be impossible for plaintiffs to pretend, that defendant did, or omitted to do, anything with reference to this check contrary to the requirements of the most rigid good faith and care. The sole question in the case is whether, by any technicalities of a constructive receipt of the money, plaintiffs can succeed in their attempt to shift the misfortune arising from the failure of this Newark bank. We assume that it would only be with the utmost reluctance that any court would pronounce in favor of such an attempt.

II. Nothing will sustain an action for money had and received but proof of money actually received by defendant, either himself or through an agent. This proposition has been most emphatically laid down by the court of appeals, which has declared that in such an action the actual receipt of the money is the only issue to be tried (77 *N. Y.*, 400). Now it is indisputable that the defendant in this action never received any money. In the first place, the Newark bank had no money belonging to Haines. It simply owed him

a debt, which it undertook to pay to him or to his order. This payment it has never yet made. The strongest view which plaintiffs are entitled to urge upon the evidence and the authorities is that the book-keeping given in evidence amounted to a novation of debts. No money changed hands. Money did not enter into this transaction, which was a shifting of credits, not a payment of cash. Nothing was changed but obligations, and proof that defendant received the obligation of the Newark bank does not satisfy the allegation of the complaint. This very doctrine has been laid down by the court of appeals in several cases. In *People* agt. *Merchants' Bank* (78 *N. Y.*, 269, *see p.* 273), where just such book-keeping as in the case at bar was relied upon as a payment of money, the court said : "Suppose it were (*i. e.*, an agent to receive payment). What did it receive as such payment? Simply its own obligation. If anything was set apart by charging up the check, it was only so much of the bank's indebtedness to its depositor. It constituted itself debtor to the holder of the check in place of its indebtedness to its depositor." Again, in *Whiting* agt. *City Bank* (77 N. Y., 363, *see p.* 368), the court deny that an action for money had and received will lie simply because as a matter of book-keeping a check has been credited as paid. The defendant in that case had marked the note as paid, and actually mailed a draft to the holder thereof. It then decided to retract the payment, and gave notice of non-payment in good time. But the court say that even under these strong facts "an action for money had and received would not be appropriate." Although the note was sufficiently paid to discharge the indorser it was not sufficiently paid to sustain that action. This last case shows that plaintiffs have no ground to sue defendant for money had and received, but should have sued for a failure to collect the Haines' check, if they could show any default. It is precisely because they cannot show any default that they seek to uphold this constructive payment.

III. The Newark bank could not act as agent for defendant

Briggs *et al.* agt. Central National Bank.

in this transaction. The theory on which this action was tried and decided was that " in law it (defendant) received the money by the latter bank (the Newark bank) as its agent. This theory is utterly untenable. The Newark bank could not be defendant's agent to collect this check, for the reason that being the bank on which the check was drawn, it could not act as principal for itself and agent for another in the same transaction. One and the same person cannot sustain such inconsistent relations. This general principle has been repeatedly decided. In *Claflin* agt. *Farmer's Bank* (25 *N. Y.*, 293), the court say that a man " cannot act as agent in regard to a contract to which he is a party on the side opposite to his principal" (*pp.* 294, 295), and they accordingly held that a president of a bank could not certify his own check on that bank. In *Hardy* agt. *Metropolitan, &c., Co.* (*L. R.*, 7 *Ch. App.* 427), we have a decisive authority in point. One Dutton was agent for both plaintiff and defendant. Defendant gave Dutton a check in payment of money which it owed to plaintiff. Dutton had the check cashed and used the proceeds. *Held*, that defendant was still liable, because Dutton could not, as plaintiff's agent, receive money from himself as defendant's agent. Would the case have been any stronger against plaintiff if Dutton himself had been the debtor? And yet this latter supposition is the case at bar. But this question also must be considered as settled by the court of appeals. In the *Merchants' Bank case* (*already cited* 78 *N. Y.*, 269, *see p.* 273), it was expressly said that the doctrine that a bank, by mailing a check to another bank on which the check is drawn, constitutes this latter bank its agent to receive the proceeds, " is rather metaphysical." In such a case the check is sent " for payment, not for collection," and the result is " simply to give credit to the bank, not to constitute an agency." This point also came up, and was ruled the same way in *Nidig* agt. *National City Bank* (59 *How. Pr.*, 10). It was proper for defendant to send the check directly by mail to the Newark bank, instead of employing an intermediate

agent (*Shipsey* agt. *Bowery, &c., Bank*, 59 *N. Y.*, 485), and plaintiff's judgment cannot stand unless the court is prepared to hold that I can appoint a man my agent to collect money from himself.

DALY, *C. J.* — The judgment should be affirmed. The appellant claims that this is an action for money had and received, and cites *The People, &c.,* agt. *The Merchants' Bank of New York* (77 *N. Y.*, 269), an authority for the proposition that an action for money had and received cannot be sustained unless the money was actually received, either by the defendant or through his agent; in respect to which, in the present case, it is sufficient to say what was said in the case that the appellant cites of *The People, &c.,* agt. *Merchants' Bank,* that "all the facts are set forth in the complaint, and that if they disclose a good cause of action the plaintiff may recover, notwithstanding he may have assigned an insufficient ground of recovery." The ground assigned for a recovery by the plaintiff are the facts stated in his complaint, and if they constituted a cause of action it is wholly immaterial whether the action is called an action for money had and received, or what name is given to it.

The facts substantially stated, and which have been proved, are that the plaintiffs deposited with the defendants for collection a check for $610.97, drawn by O. W. Haines on the First National Bank of Newark, New Jersey; that the defendants forwarded the check to that bank, which bank was then and had been for fifteen years the defendants' collecting agent of checks, drafts and other commercial paper, in New Jersey. The National Bank of Newark, on receipt of the check, charged it against the account of the drawer, and as they kept a collection account with the defendants they credited the defendants with the amount of the check in that account as a cash item, in pursuance of an arrangement made between the two banks, by which checks, drafts and commercial paper, when collected, were credited to the defendants

in a collection account, which was settled every Tuesday by the Newark bank, and the amount collected remitted to the defendants by draft. When the Newark bank charged the check to the drawer's (Haines') account, his account had been overdrawn ; but he had been in the habit of so overdrawing, having done so some thirty times during the nine months preceding, and in this instance he made good the overdraft, and the check was returned to him as a paid voucher. On the day after the check was charged to his account and credited by the bank to the defendant's collection account, the Newark bank failed and passed into the hands of a receiver.

The charging of the check by the Newark bank to the drawer's account, and crediting the amount of it in the collection account kept with the defendants, was a payment of the check by the bank to the defendants as effectually as if the bank had paid it in money over their counter. In *Eyles* agt. *Ellis* (4 *Bing.*, 112) the defendant had been directed by his creditor to pay a certain sum in a bank where they both kept accounts. The defendant accordingly directed the bank to transfer that amount from his account to the credit of the plaintiff's account, which was done, and the bank failed before the plaintiff knew of the transfer. The court held that this was a payment of the amount to the plaintiff ; that although no money was transferred in specie, it was an acknowledgment by the bank that they had received that amount for the plaintiff ; that the plaintiff might then have drawn for it, and the bank could not have refused to pay his draft. This was a case of money paid into a bank. *Bolton* agt. *Richardson* (6 *T. R.*, 139) was a case of money to be drawn from one. A. held B.'s check on a bank where each had an account. On presenting the check, the amount of it was transferred from B.'s account with the knowledge of both parties. The bank failed before the check fell due ; and it was held that this was a payment of the check.

In *The First National Bank of Jersey City* agt. *Leach* (52 *N. Y.*, 352), it was held that the certifying of a check

by a bank in which the drawer had funds to meet it, where the bank within an hour or two failed, operated as a payment of the check between the parties.

I see nothing to distinguish this case from those above cited. It is simply the presentation of a check to a bank by a person entrusted with the collection of it, where both he and the drawer have accounts in the bank, and where the bank, instead of paying the check in so much money, simply charges the amount of it against the account of the drawer, and credits the amount to the account of the collector, returning the check to the drawer as collected and paid.

As between the defendants' bank and the Newark bank, this mode of collecting — by placing the amount to the defendants' credit and settling the collection account every Tuesday — had been in use from the year 1876, the time of settlement before that being every ten days; and when this amount was transferred from Haines' account, and credited in the account of the defendants, the check was paid as effectually as if the amount of it had been handed to the receiving teller of the defendants' bank in national currency.

The plaintiffs have no claim against the Newark bank (*Commercial Bank of Pennsylvania* agt. *Union Bank of New York*, 11 *N. Y.*, 211). It was their agent for the collection of the check. It did what it (the defendants) regarded as the collection of it, and if the defendants did not get the proceeds, in consequence of the Newark bank's suspending payment, it was owing to the business arrangement between the two banks by which collections made were credited to the defendants, and the collection account settled every Tuesday, and but for this arrangement, which was for the convenience of both banks, the money could have been drawn upon the presentation of the check, for the Newark bank met all its engagements that day up to the close of business hours. The plaintiffs, as I have said, can maintain no action against the Newark bank to recover from it what they have never received — the amount of the check. The defendants, on the

contrary, are creditors of that bank to the amount of it, and have already received a dividend upon it from the assets of that bank. When the Newark bank stopped payment and went into the hands of a receiver, it owed the defendants a balance of $5,976.22; and the defendants filed and proved claims before the receiver for that amount, as expressed in the claim for collecting sundry accounts in respect to which the defendants were acting as agents, and upon the claims so filed a dividend was declared of eighty per cent, seventy per cent of which the defendants had received at the time of the trial.

The judgment should be affirmed. .

J. F. DALY and VAN HOESEN JJ., concur.